UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
$\qquad$ *Plaintiff-Appellee,*

v.

LAVINA MAE KNIPP,
$\qquad$ *Defendant-Appellant.*

No. 03-4059

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-02-203)

Submitted: June 5, 2003

Decided: June 16, 2003

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Mary Lou Newberger, Federal Public Defender, George H. Lancaster, Jr., Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Kasey Warner, United States Attorney, John J. Frail, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Lavina Mae Knipp appeals her conviction following a guilty plea to a criminal information charging her with interstate travel to promote drug distribution in violation of 18 U.S.C. § 1952(a)(3) (2000) and sentence to six months in prison and three years of supervised release, including a six-month term of home confinement as a special condition of supervised release. We affirm.

Knipp's counsel filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). In the *Anders* brief, Knipp's counsel briefed two issues, both of which counsel ultimately concluded were not meritorious: (1) whether the district court erred in accepting Knipp's guilty plea without specifically advising Knipp of its obligation to apply the sentencing guidelines and its discretion to depart therefrom; and (2) whether the factual basis for the guilty plea demonstrated a showing of continuity necessary to establish a business enterprise under 18 U.S.C. § 1952(a)(3). Knipp was informed of her right to file a pro se supplemental brief and failed to do so.

We review violations of Fed. R. Crim. P. 11 for plain error where, as in this case, the Defendant did not move in district court to withdraw her guilty plea. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 U.S. 200 (2002). Under this standard, we exercise our discretion only to correct errors that are plain, material, or affecting substantial rights, and that seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.* at 524 (citing *United States v. Olano*, 507 U.S. 725, 731-32 (1993)). We have reviewed the record and find no error in the district court's explanation of its obligation to sentence Knipp under the sentencing guidelines. Further, Knipp's responses during the Rule 11 colloquy constituted an admission that she performed an act that promoted or facilitated a drug conspiracy involving a continuing course of con-

duct, providing an adequate factual basis for her plea. *See United States v. Rawle*, 845 F.2d 1244, 1248-49 (4th Cir. 1988).

In accordance with *Anders*, we have reviewed the entire record and have found no meritorious issues for appeal. We therefore affirm Knipp's conviction and sentence. We require that counsel inform his client, in writing, of her right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*